**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| **IN THE MATTER OF** | : | |
| CARMEN PAGAN MUÑOZ | : | CASE NO. 07-03928(SEK) |
| DEBTOR | : | CHAPTER 13 |

| | | |
|---|---|---|
| DORAL FINANCIAL CORP. | : | |
| Movant | : | |
| v. | | |
| DEBTOR AND THE TRUSTEE, | : | |
| Respondents | : | |

**FILED & ENTERED**

**APR 1 0 2008**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

### OPINION AND ORDER



Before us is Debtor's motion to reconsider an order lifting the automatic stay by default in favor of Doral Financial Corporation (hereinafter Doral). We reverse our prior ruling given in open court but never entered on docket, and grant the motion for reasons that follow.

Debtor filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code on July 13, 2007. After confirmation of the plan, on January 15, 2008, Doral filed a motion for an order vacating the automatic stay. Doral alleged debtor incurred in post-petition arrears of $2,320.39 on a mortgage loan encumbering debtor's residence. A hearing was scheduled for February 12, 2008. Debtor failed to answer within the time required, and we entered an order lifting the automatic stay by default on February 4, 2008.[1] The next day, Debtor filed a post confirmation modification of the plan to cure

---

[1]  P.R. LBR 4001-1(e).

the arrears with Doral, followed by a February 6th motion for reconsideration and reimposition of the order lifting stay, under F.R.B.P. 7055 and 9024, which adopts F.R.C.P. 60. Debtor argues cause exists under Rule 60, as she was hospitalized and thus unable to cure the arrears and answer Doral's motion on time. She proffered a post confirmation modified plan curing the mortgage arrears, thereby eliminating grounds for terminating the stay. We scheduled the matter for February 12th, and Debtor failed to appear when the case was called. We expressed our intent to deny this motion for failure to address the issues concerning reconsideration of an order lifting the automatic stay according to the First Circuit Bankruptcy Appellate Panel ruling in the case of <u>Rodríguez Camacho v. Doral Financial Corp.</u>, 361 B.R. 294 (B.A.P. 1st Cir. 2007). Before we adjourned for the day, we noticed a person still sitting in the courtroom.  It was Debtor who had arrived after her case was called and was no longer assisted by Counsel.  This humble lady, who does not know English, corroborated she was unable to file a timely answer due to cardiac illness causing her hospitalization. We realize Counsel for the Bank was no longer present when these events, out of our control, occurred.



In <u>Rodríguez Camacho</u>, the Panel held that an order lifting the automatic stay may be reconsidered under Federal Rule of Civil Procedure 60(b).[2] It then left to the bankruptcy court to consider whether debtor showed cause to allow the relief requested.[3] Other

---

[2] <u>Rodríguez Camacho v. Doral Financial Corp.</u>, 361 B.R. 294, 299-300 (B.A.P. 1st Cir. 2007).

[3] <u>Id.</u> at 300.

3

courts have also held orders lifting the automatic stay may be reconsidered under either Rule 59(e) or 60(b).[4] In re Antell, 155 B.R. 921 (Bankr.E.D.Pa. 1992); In re Johnston, 37 B.R. 361 (Bankr.D.Vt. 1984); In re Jones, 354 B.R. 727 (Bankr.W.D.Pa. 2006).

Here, debtor requests reconsideration under Federal Rule of Bankruptcy Procedure 7055 which in turn refers to Rule 60(b). "The federal courts have consistently stated that a motion ... which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). ... Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Pabón Rodríguez, 233 B.R. 212, 218-19 (Bankr. D.P.R. 1999). Our order lifting the stay was entered on February 4, 2008. Debtor's motion to reconsider was filed on February 6, 2008. Although presented within the time frame of a motion under Rule 59(e), debtor specifically relied on Bankruptcy Rules 7055 and 9024. Furthermore, Rule 7055 refers to Rule 60(b) as the provision to set aside a default judgment.[5] Therefore, we consider this motion under 60(b) as this was debtor's intention. Echevarría-González v.



---

[4] Rules 59(e) and 60(b) are applicable to bankruptcy proceedings pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024.

[5] We do not mean to conclude Rule 60(b) is the only provision available to request relief from a default judgment as this issue is yet to be solved by the First Circuit. See Venegas-Hernández v. Sonolux Records, 370 F.3d 183 (1st Cir. 2004).

4

González-Chapel, 849 F.2d 24, 26-27 (1st Cir. 1988).

"[R]elief under Rule 60(b) is extraordinary in nature and ... motions invoking that rule should be granted sparingly. ...  Thus, a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp. 288 F.3d 15 (1st Cir. 2002)(citation omitted). See also, Rodríguez Camacho v. Doral Financial Corp., 361 B.R. 294, 301 (B.A.P. 1st Cir. 2007).



Here, the motion is timely.  Although the best evidence of a debilitating illness is in the medical records, here we believe the Debtor corroborated this allegation. Hospitalization for a cardiac ailment is certainly an extraordinary circumstance which would prevent any reasonable man from attending affairs other than those concerning the immediate health issues.  The post confirmation modification of the plan is a prima facie good faith attempt by this Debtor to show she is capable of mounting a potentially meritorious claim or defense. Doral retains its lien on her residence, and there is no claim the realty is diminishing in value.  In our twenty years on the Bench we have rarely seen real property diminish in value. Unlike the mainland, and probably due to the scarcity of land, real property normally appreciates in value, even when the economy is in recession.  Hence, it cannot be said that the Bank is unduly harmed by this order.

5

WHEREFORE, we grant Debtor's motion under FRBP 55 and 60(b), reinstating the automatic stay and rescheduling a preliminary hearing to consider Doral's motion to terminate the automatic stay and Debtor's post confirmation modification of the plan for April 22, 2008, at 11:00 a.m. in courtroom #1, located in the U.S. Bankruptcy Court for the District of Puerto Rico, 300 Recinto Sur Street, Old San Juan, P.R.

**SO ORDERED**, in San Juan, Puerto Rico, on April 10, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge